# *Ex Parte* Burgin.

### Certiorari to Court of Appeals.

(Decided January 21, 1915.   68 South. 49.)

*Mines and Minerals; Operation; Statute.*—Acts 1911, p. 568, is not unconstitutional as infringing on section 77, Constitution 1901, since the act merely added the duty of the prescribing section to agencies already existing.

CERTIORARI to Court of Appeals.

Petition of Wilson I. Burgin for certiorari to the Court of Appeals to review and revise the judgment of the said court, reversing and rendering the judgment of

the lower court on the appeal of the G. T. Wofford Oil Company v. Wilson I. Burgin. Writ denied.

J. T. LOWERY, for petitioner.

TILLMAN, BRADLEY & MORROW, and L. C. LEADBEATTER, for appellee.

McCLELLAN, J.—Petition for certiorari to the Court of Appeals. It is insisted that that court erred in affirming the constitutional validity of the act entitled "An act to regulate the inspection and use of illuminants in mines in the state of Alabama and sales of illuminants for the use of mines," approved April 21, 1911.—Acts 1911, pp. 568-571. It is asserted that the act mentioned infracts section 77 of the Constitution, which reads: "No state office shall be continued or created for the inspection or measuring of any merchandise, manufacture or commodity, but any county or municipality may appoint such officers when authorized by law."

The act under review imposes the prescribed duty of inspection upon the chief mine inspector or one of his associates. These public functionaries were long since brought into existence, for important purposes, by the lawmakers of the state.—Code of 1896, § 2899 et seq.; Code of 1907, § 999 et seq.; Acts of 1911, p. 500 et seq. They have always had numerous important duties to perform. The act under view merely added the duty of prescribed inspection to duty-charged public agents and agencies already existing. The act here in question does not infract section 77 of the organic law; and so for the reasons and upon the considerations set down in *State, ex rel. v. Montgomery, et al.*, 177 Ala. 212, 59 South. 294, 300, 301. The writ is therefore denied.

Writ denied. All the Justices concur.